UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP R. PITTMAN, III,

    Plaintiff,

                                        Case No. 12-CV-10257-DT

v.

                                        HONORABLE DENISE PAGE HOOD

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, BANK OF AMERICA, N.A.,
BAC HOME LOAN SERVICING, L.P.,
REPUBLIC BANK and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,

    Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS**
**and**
**ORDER DISMISSING ACTION**

**I.    BACKGROUND**

Plaintiff Phillip R. Pittman, III filed the instant Complaint on January 19, 2012 against Defendants Federal National Mortgage Association ("FNMA"), Bank of America, N.A. ("Bank of America"), BAC Home Loan Servicing, LP. ("BAC"), Republic Bank, N.A. ("Republic") and Mortgage Electronic Registration Systems, Inc. ("MERS"). The following counts are alleged: Lack of Standing (Count I); Fraudulent Misrepresentation (Count II); Violation of the Home Affordable Modification Program ("HAMP") (Count III); Defendants Violated M.C.L. § 600.3205a-c (Count IV); Violation of the Real Estate Procedures Acts ("RESPA"), 24 C.F.R. § 3500.21(e)(1) (Count V); Violation of RESPA, 24 C.F.R. § 3500.21(e)(3) (Count VI); Violation of RESPA, 24 C.F.R. § 2500.21(e)(4)(1) Count VII); Violation of 15 U.S.C. § 1601 *et. seq.* (Count VIII); and Civil Conspiracy to Defraud (Count IX).

On July 31, 2003, Republic loaned Pittman and his spouse, Monique M. Pittman,

$174,503.00, which was secured by a mortgage against the residence at 19752 Silver Springs, Southfield, Michigan 48076. (Comp., ¶ 16) MERS was named as the mortgagee. (Comp., ¶ 17) An assignment was executed from Republic to BAC on October 8, 2010, signed by Michael Woods, as Assistant Secretary for MERS. (Comp., ¶ 18) Pittman began to dispute the debt via letters and telephone calls on December 14, 2007. (Comp., ¶ 20)

Pittman sent a Qualified Written Request ("QWR") on several occasions in 2009 which were not addressed until later in 2010. (Comp., ¶ 21) In November 2010, Pittman sent documents to Potestivo and Associates to be considered for a loan modification. (Comp., ¶ 22) Pittman was scheduled to participate in a mediation meeting with Potestivo and Associates in December 2010, which was not held without reason. (Comp., ¶¶ 23-24) A Sheriff's Sale was executed on Pittman's property on March 15, 2011. (Comp., ¶ 26) The instant suit was filed on January 19, 2012.

This matter is before the Court on Defendants' Motion to Dismiss.[1] To date, no response has been filed on behalf of Pittman. A hearing was held on the matter and no one appeared on behalf of Pittman.

**II.   ANALYSIS**

    **A.   Standard of Review**

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

---

[1] Defendants FNMA, Bank of America, BAC and MERS filed the instant Motion to Dismiss. No appearance has been filed on behalf of Republic Bank. There is no indication on the docket that service was made on Republic Bank.

and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

**B.**     *Res Judicata*

Defendants argue that the Complaint is barred by *res judicata* since claims at issue in this lawsuit were raised or could have been raised before the 46th District Court, State of Michigan, during the eviction proceedings which have been fully adjudicated.

FNMA initiated eviction proceedings on September 19, 2011 once the six-month redemption period expired on September 15, 2011. (Ex. F, Motion) Pittman responded to the eviction complaint, along with filing a counterclaim. (Ex. G, Motion) Pittman's counterclaim before the 46th District Court alleged the following: lack of standing by the defendants to foreclose the property; fraudulent assignment by MERS; violation of Michigan foreclosure laws, M.C.L. § 600.3205a-c, by not meeting with Pittman regarding loan modification and failure to respond to written requests for information about the loan. (Ex. G, Motion) A judgment was entered by the 46th District Court against Pittman on January 20, 2012, awarding FNMA possession of the property. (Ex. I, Motion). The 46th District Court denied Pittman's Motion to Set Aside Default Judgment on February 25, 2012 and entered an Order of Eviction for March 26, 2012. (Ex. J, Motion)

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts give the same preclusive effect to a state court judgment that a court of the state in which the judgment was rendered would accord the judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1 (1984); *Heyliger v. State Univ. and Community College Sys. Of Tenn.,* 126 F.3d 849, 851 (6th Cir. 1997). A federal court looks to the law of the state where the judgment was issued to determine the extent of the preclusive effect of the prior state court judgment. *Heyliger,* 126 F.3d at 851-52. The Sixth Circuit has noted "the perennial confusion over the vocabulary and concepts

4

of the law of preclusion." *Id.* at 852. The Supreme Court has instructed that:

> The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "res judicata." Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Migra.,* 465 U.S. at 77 n. 1. Michigan law requires a court to apply claim preclusion if: 1) there was a prior and final decision on the merits; 2) the parties in both lawsuits are the same; and 3) the matter in the second case was, or could have been, resolved in the first lawsuit. *Reid v. Thetford Twp.,* 377 F. Supp. 2d 621, 624-25 (E.D. Mich. 2005); *Adair v. State,* 470 Mich. 105, 121 (Mich.2004). Once the three elements are met, claim preclusion will bar "not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Sewell v. Clean Cut Mgmt., Inc.,* 463 Mich. 569, 575 (2001).

In support of its motion, Defendants submitted evidence, including documents attached to the Complaint and public records. Defendants have shown that there was a prior action before the 46th District Court involving the same parties, facts and issues raised in this action and that a judgment was issued in that case. Defendants have met the elements to apply claim preclusion. Claim preclusion bars this second action filed by Pittman. Because *res judicata* applies, the Court has no authority to address the Complaint filed in this Court. The Complaint must be dismissed.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss filed by Defendants Federal National Mortgage Association, Bank of America, N.A., BAC Home Loan Servicing, L.P. and Mortgage Electronic Registration Systems, Inc. **(Doc. No. 6, filed March 27, 2012)** is GRANTED. The action is DISMISSED with prejudice as to these Defendants.

IT IS FURTHER ORDERED that Defendant Republic Bank is DISMISSED without prejudice for failure to prosecute the claims against this Defendant.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager